United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEVAKI MURCH,

    Plaintiff,

  v.

UNITED STATES FOOD AND DRUG ADMINISTRATION; WILLIAM BRIAN MARTIN,

    Defendants

No. C-06-4594 MMC

**ORDER GRANTING DEFENDANT MARTIN'S MOTION TO DISMISS; VACATING HEARING**

Before the Court is defendant William Brian Martin's ("Martin") motion, filed December 20, 2006, to dismiss plaintiff Devaki Murch's ("Murch") complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for judgment on the pleadings, pursuant to Rule 12(c). Murch has filed opposition,[1] to which Martin has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for January 26, 2007, and rules as follows.

---

[1] Murch did not provide the Court with a chambers copy of her opposition, despite the Court's having specifically advised her counsel at the case management conference, conducted January 5, 2007, to provide such copy. Nevertheless, the Court has considered the opposition. For future reference, Murch is referred to the following provision in the Court's Standing Orders: "In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked 'Chambers Copy' and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and 'E-Filing Chambers Copy.'"

In her complaint, Murch alleges she sustained injuries on June 29, 2002 as a result of Martin's negligent driving while acting within the scope of his employment with defendant United States Food and Drug Administration ("FDA").[2]  (See Compl. ¶¶ 3-6.)  If Murch establishes such allegation, the only proper defendant to Murch's federal claim is the United States.  See Ward v. Gordon, 999 F. 3d 1399, 1404 (9th Cir. 1993) (holding, under Federal Tort Claims Act, where individual alleged to have been negligent was acting within scope of employment with United States at time of incident, individual was "absolutely immune from suit" and United States "must be substituted" as defendant).  Consequently, the Court understands Murch, in naming Martin as an additional defendant, to be asserting a state law negligence claim, based on the alternative theory that Martin was not acting within the scope of his employment at the time of the accident.

With that understanding, the Court finds, for the reasons stated by Martin, that Murch's state law claim against Martin is barred by the statute of limitations.  In her opposition, Murch does not request leave to amend in the event her state law claim is deemed barred by the statute of the limitations, nor has she identified any potentially applicable exception thereto.

Accordingly, Martin is entitled to dismissal of Murch's state law claim.

## CONCLUSION

For the reasons stated, Martin's motion to dismiss or, in the alternative, for judgment on the pleadings is hereby GRANTED, and Murch's claim against Martin is hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: January 16, 2007

MAXINE M. CHESNEY
United States District Judge

---

[2]The FDA has not moved to dismiss the claims alleged against it.

2