LEONARD S. BECKER (California Bar No. 113065)
MARTIN G. OCCHIPINTI, JR. (California Bar No. 126991)
LAW OFFICES OF LEONARD S. BECKER
1728 B Street
Hayward, California 94541-3102
Telephone: (510) 886-1996
Facsimile: (510) 538-8089
Email: lsbeckerlaw@aol.com

Attorneys for Plaintiff
DEVAKI MURCH

SCOTT N. SCHOOLS (South Carolina Bar No. 9990)
United States Attorney
JOANN M. SWANSON (California Bar No. 88143)
Chief, Civil Division
LETITIA R. KIM (California Bar No. 200142)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7181
   Facsimile: (415) 436-6748
   Email: letitia.r.kim@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEVAKI MURCH, | Case No. C 06-4594 MMC |
| Plaintiff, | SETTLEMENT AGREEMENT; ORDER THEREON |
| v. | |
| UNITED STATES FOOD AND DRUG ADMINISTRATION; WILLIAM BRIAN MARTIN, | |
| Defendants. | |

## SETTLEMENT AGREEMENT

Plaintiff Devaki Murch and defendant United States Food and Drug Administration (collectively, the "Parties") hereby enter into this Settlement Agreement (the "Agreement"), as follows:

1.     The Parties hereby agree to settle and compromise all claims asserted by plaintiff in *Devaki Murch v. United States Food and Drug Administration, et al.*, United States District Court for the Northern District of California, Case No. C 06-4594 MMC (the "Lawsuit"), under the terms and conditions set forth herein.

2.     The United States of America agrees to pay plaintiff the sum of Three Thousand Dollars ($3,000.00) (the "Settlement Amount") in full settlement of the claims asserted in the Lawsuit and any and all liability, claims, causes of action, demands, and rights of whatsoever kind and nature (including any claim for wrongful death), which arise or may arise from the same subject matter that gave rise to the Lawsuit.  Payment of the Settlement Amount will be made by a check payable to "Devaki Murch and her attorneys, the Law Offices of Leonard S. Becker."  Payment of the Settlement Amount may take sixty days or more to process, but the United States of America agrees to make good faith efforts to expeditiously process the payment.

3.     In consideration of payment of the Settlement Amount, plaintiff agrees that upon notification that the settlement check is ready for delivery, she will deliver to defense counsel a fully executed stipulation for dismissal of the lawsuit, with prejudice.  Upon receipt of the executed stipulation for dismissal, defense counsel will release the settlement check to plaintiff's counsel and file the stipulation for dismissal.

4.     In consideration of payment of the Settlement Amount, plaintiff and her heirs, executors, administrators, and assigns hereby release and forever discharge the United States of America and any and all of its past and present officials, employees, agencies, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, actions, causes of action, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown (including any claim for wrongful death), which arise or may arise from the same subject matter that gave rise to the Lawsuit.

5.     In consideration of payment of the Settlement Amount, plaintiff and her heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States of America, its agencies, agents, servants, and employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or

1 resulting from further litigation or the prosecution of the claims alleged in the Lawsuit by
2 plaintiff or her heirs, executors, administrators, or assigns against any third party or against the
3 United States of America, including any future claim for wrongful death.

4      6.     California Civil Code Section provides as follows:

5      A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of
6      executing the release, which if known by him must have materially affected his settlement with the debtor.

7

8 Plaintiff, having been apprised of such language by her attorney, and fully understanding the
9 same, nevertheless waives the benefits of any and all rights she may have pursuant to Section
10 1542 and any similar provisions of federal law.  Plaintiff understands that, if the facts concerning
11 her injuries or the facts concerning the liability of the United States of America, its agencies,
12 agents, servants or employees for damages pertaining thereto are found hereinafter to be other
13 than or different from the facts now believed to be true, this Agreement shall be and remain
14 effective notwithstanding such difference.

15      7.     This Agreement shall not constitute an admission of liability or fault on the part
16 of the United States of America, its agencies, agents, servants, or employees, for the liability
17 alleged in the Lawsuit, and is entered into by and between the Parties for the purpose of
18 compromising disputed claims and avoiding the expenses and risks of litigation.

19      8.     This Agreement may be pled as a full and complete defense to any subsequent
20 action or other proceeding involving any person or party which arises out of the claims released
21 and discharged by this Agreement.

22      9.     The Settlement Amount represents the entire amount of the compromise
23 settlement between plaintiff and the United States of America.  The Parties will each bear their
24 own costs, attorneys' fees, and expenses, and any attorneys' fees or liens owed by plaintiff will
25 be paid out of the Settlement Amount and not in addition thereto.

26      10.     It is also understood by plaintiff that, pursuant to Title 28, Section 2678 of the
27 United States Code, attorneys' fees for services rendered in connection with this Lawsuit shall
28 not exceed 25 percent of the Settlement Amount.

Sett. Agreement & [Proposed] Order
Case No. C 06-4594 MMC               -3-

11. The Parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, plaintiff shall not seek to rescind the Agreement and pursue her original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the settlement in the United States District Court. The parties agree that the United States District Court will retain jurisdiction over this matter for purposes of resolving any dispute alleging a breach of this Agreement.

12. This instrument shall constitute the entire agreement between the Parties, and it is expressly understood and agreed that this Agreement has been freely and voluntarily entered into by the Parties with the advice of counsel, who have explained the legal effect of this Agreement. The Parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified, amended, or otherwise changed in any respect except by writing, duly executed by the Parties and their authorized representatives.

DATED: April 2, 2007

SCOTT N. SCHOOLS
United States Attorney

/s/
_____
By:   LETITIA R. KIM
Assistant United States Attorney
Attorneys for Defendant

DATED: March 27, 2007

LAW OFFICES OF LEONARD S. BECKER

/s/
_____
By:   LEONARD S. BECKER
        MARTIN G. OCCHIPINTI, JR.
Attorneys for Plaintiff

**ORDER**

The above Settlement Agreement is APPROVED and SO ORDERED.

Dated: April 5, 2007

_____
MAXINE M. CHESNEY
United States District Judge